**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| HUMBERTO DEVETTORI and CLIFFORD GERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORNERSTONE BUILDING BRANDS SERVICES, INC.; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:26-CV-00613-RAJ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |

Plaintiffs HUMBERTO DEVETTORI and CLIFFORD GERMAN (collectively referred to herein as "Plaintiffs"), by and through the undersigned attorneys, individually and on behalf of all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1. This is a proposed wage and hour class action brought under the Washington Industrial Welfare Act ("IWA"), the Washington Minimum Wage Act ("MWA"), and the Seattle Municipal Code ("SMC") 14.20 *et seq.*, seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to compensate



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

employees for all hours worked due to off-the-clock work; failure to pay proper overtime wages; and failure to reimburse business expenses.

**JURISDICTION & VENUE**

2. Defendant removed this action from the Superior Court of the State of Washington, County of King, on February 20, 2026 to this Court. Defendant alleges that this Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (“CAFA”), codified in relevant part at 28 U.S.C. §§ 1332(d), 1441(a), and 1453. *See* ECF No. 1

**THE PARTIES**

3. At all relevant times, Plaintiffs have been individuals domiciled in the State of Washington and citizens of the State of Washington.

4. Plaintiff Humberto Devettori (“Plaintiff Devettori”) worked for Defendants as a crating department worker from approximately April 2025 to November 11, 2025.

5. Plaintiff Clifford German (“Plaintiff German”) worked for Defendants as a CDL A Truck Driver from approximately September 2024 to September 2025.

6. Defendant Cornerstone Building Brands Services, Inc. (“Defendants” or “Cornerstone”) is a Delaware company doing business in the State of Washington. Defendants operate a building products manufacturing and distribution company with approximately 18,800 team members, 93 manufacturing plants, and 106 warehouses, distribution and retail outlets, including at least five (5) locations in Washington State. Defendants operate under various names, including but not limited to the following: “Cornerstone Building,” “Cornerstone Building Brands Services, Inc.,” “Ply Gem” and/or “Ply Gem Pacific Windows Corporation.”

7. Defendants assigned Plaintiff Devettori to work at their Auburn, Washington warehouse facility.

8. Defendants assigned Plaintiff German to work as a driver operating out of their Auburn, Washington facility, with Plaintiff German performing at least approximately fifty percent of his work on delivery routes within the City of Seattle.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

9. Additional individuals, known to Defendant Cornerstone but not yet identified by Plaintiffs (and identified herein as Does 1-20) manage employees on behalf of Cornerstone and are statutory employers under Washington law because of their managerial role with the company.

## CLASS ALLEGATIONS

10. Plaintiffs bring this action on behalf of Plaintiffs, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiffs seek to represent is defined as follows:

> **Class Members**: All current and former non-exempt hourly-paid employees that worked for Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").
>
> **Seattle Subclass Members**: All current and former non-exempt employees that worked for Defendants at any location within the geographic boundaries of the City of Seattle at any time during the Class Period.

11. Plaintiffs reserve the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

12. There are at least one hundred current and former hourly-paid employees of Defendants in the Class and Subclass. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first and second meal periods, and the underpayment of wages, the members of the Class and Subclass are so numerous that joinder of all members is impractical.

13. Plaintiffs' claims are typical of the claims of the Class Members because (1) Plaintiffs are each a member of the putative class; (2) Plaintiffs' claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) all of the Class claims are based on the same facts and legal theories; (4) the injuries Plaintiffs suffered are similar to the injuries



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individually pursuing claims against Defendants.

14. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any Class Member. Plaintiffs have retained counsel who are competent and experienced in complex class action litigation. Plaintiffs' counsel have the expertise and financial resources to adequately represent the interests of the Class.

15. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions solely affecting individual members of the Class and Subclass.

16. Among the questions of law and fact common to Plaintiffs and Class Members are the following:

a. Whether Defendant has engaged in a common course of failing to provide Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure Class members have taken the rest breaks to which they are entitled;

d. Whether Defendant has an adequate system to record missed, late, interrupted or otherwise noncompliant rest breaks;

e. Whether Defendant has engaged in a common course of failing to pay Class members an additional 10 minutes of compensation for each missed rest break;

f. Whether Defendant has engaged in a common course of failing to provide Class members with a 30-minutes meal break for every five hours of work;

g. Whether Defendant has engaged in a common course of failing to ensure that Class members have taken the meal breaks to which they are entitled;

h. Whether Defendant has an adequate system to record missed, late, interrupted or otherwise noncompliant meal breaks;



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

i. Whether Defendant has engaged in a common course of failing to pay Class members an additional 30 minutes of compensation for each missed meal break;

j. Whether Defendant has engaged in a common course of failing to pay Class members for all hours worked;

k. Whether Defendant has engaged in a common course of failing to pay Class members all overtime compensation to which they are entitled;

l. Whether Defendant violated RCW 49.12 et seq. as to Plaintiffs and the Class;

m. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, and all gross wages;

n. Whether Defendant failed to furnish itemized pay statements to Plaintiffs the Class;

o. Whether Defendant violated RCW 49.46.090 as to Plaintiffs and the Class;

p. Whether Defendant violated RCW 49.46.130 as to Plaintiffs and the Class;

q. Whether Defendant violated RCW 49.48.010 as to Plaintiffs and the Class;

r. Whether Defendant violated RCW 49.52.050 as to Plaintiffs and the Class;

s. Whether Defendant violated RCW 49.46.040 as to Plaintiffs and the Class;

t. Whether Defendant violated WAC 296-128-620 as to Plaintiffs and the Class;

u. Whether Defendant violated WAC 296-126-092 as to Plaintiffs and the Class;

v. Whether Defendant violated WAC 296-126-040 as to Plaintiffs and the Class;

w. Whether Defendant violated WAC 296-126-023(3) as to Plaintiffs and the Class;

x. Whether Defendant violated WAC 296-128-010 as to Plaintiffs and the Class;

y. Whether Defendant violated WAC 296-128-020 as to Plaintiffs and the Class; and

z. The nature and extent of Class-wide injury and the measure of compensation for such injury.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

17. Among the questions of law and fact common to Plaintiffs and Seattle Subclass Members are the following:

a. Whether Defendants failed to reimburse Seattle Subclass Members for business expenses necessarily incurred in the discharge of their duties, in violation of SMC 14.20;

b. Whether Defendants violated the Seattle Secure Scheduling Ordinance by including but not limited to, failing to provide Plaintiff German and the Seattle Subclass Members at least fourteen (14) calendar days advance notice of work schedule and failing to provide notice of work schedule changes and compensation for work schedule changes that complied with the requirements of the Secure Scheduling Ordinance, including without limitation SMC 14.22.040, SMC 14.22.045 and/or SMC 14.22.050; and

c. The nature and extent of Class-wide injury and the measure of damages.

18. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individual actions would otherwise entail.

19. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

20. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

21. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL BACKGROUND

22. During the Class Period, Plaintiffs and each of the Class Members worked for Defendants in the State of Washington.

23. Defendants assigned Plaintiff Devettori to work at Defendants' Auburn, Washington warehouse facility in the crating department.

24. Defendants assigned Plaintiff German to work as a driver operating out of Defendant's Auburn, Washington facility. At least approximately fifty percent of Plaintiff German's work involved driving a Class C box truck on delivery routes within the City of Seattle.

25. Throughout Plaintiff Devettori's employment, Plaintiff Devettori typically worked shifts lasting at least approximately eight (8) to fourteen (14) hours long. Plaintiff Devettori was compensated with a base hourly rate for time counted by Defendants as hours worked.

26. Throughout Plaintiff German's employment, Plaintiff German's shift lengths varied depending on his assigned delivery route. At times, Plaintiff German worked shifts lasting at least approximately twelve (12) hours. Plaintiff German was compensated with a base hourly rate for time counted by Defendants as hours worked. Plaintiff German's base hourly rate was approximately $39.00 per hour initially and later increased to approximately $39.78 per hour.

27. At times, Plaintiffs worked more than forty (40) hours in a workweek.

### Meal and Rest Period Violations

28. Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a paid 10-minute rest break every four hours. WAC 296-126-092(1)–(4).



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

29. Defendants routinely failed to provide compliant meal and rest periods for employees in Washington State.

30. Failure to Ensure Meal Breaks. Defendants have engaged in a common course of failing to provide Plaintiffs and Class Members with a thirty-minute meal break for every five hours of work.

31. Defendants have engaged in a common course of requiring or permitting Plaintiffs and Class Members to work more than five consecutive hours without a meal break.

32. For example, to complete the job duties and meet the deadlines Defendants assigned to him, Plaintiff German typically worked his entire shift of eight (8) hours or more without receiving a thirty-minute, uninterrupted, off-duty, meal period. Instead, Plaintiff German would work through his meal breaks and eat food while driving, or his helper would grab food to eat in the truck during deliveries. This denial of meal breaks occurred despite Plaintiff German regularly working shifts exceeding eight (8) hours.

33. Based on information and belief, Defendants sometimes automatically deducted thirty (30) minutes of work time per shift per Class Member for meal periods that Class Members did not receive or for meal periods that were late, interrupted, or otherwise noncompliant.

34. Based on information and belief, Class Members sometimes completed off-the-clock work assigned to them by Defendants prior to their scheduled shift time which Defendants failed to take into account when scheduling meal periods.

35. Defendants also routinely failed to provide Plaintiffs and Class Members second meal periods when they worked shifts longer than ten (10) hours.

36. For example, Plaintiff Devettori often worked shifts lasting longer than ten (10) hours but Defendants did not allow him to take a second meal period.

37. Defendants did not do anything to ensure that Plaintiffs and Class Members received the meal breaks to which they were entitled. Defendants did not schedule meal breaks for



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiffs or Class Members. And Defendants did not keep accurate records of whether Plaintiffs and Class Members received the meal breaks to which they were entitled.

38. Defendants have engaged in a common course of failing to ensure Plaintiffs and Class Members have taken the meal breaks to which they are entitled.

39. Due to the pressure to keep up with the high demands of the job, including completing assigned routes, duties, and tasks, Plaintiffs and Class Members were regularly not permitted to take compliant meal periods.

40. Defendants required Plaintiffs and Class Members to perform too much work with the time allowed for their shifts, such that they were unable to take proper meal breaks.

41. Defendants also did not provide an adequate system for Plaintiffs or Class Members to report a missed, interrupted, late, or otherwise noncompliant meal break.

42. Defendants engaged, suffered, or permitted Plaintiffs and Class Members to work through their required meal breaks.

43. Defendants authorized or required Plaintiffs and Class Members to work through their required meal breaks.

44. Defendants knew or reasonably should have known that Plaintiffs and Class Members worked through required meal breaks, were forced to take them late, or were not given them at all.

45. Defendants have engaged in a common course of failing to compensate Plaintiffs and Class Members for each missed or otherwise noncompliant meal break.

46. Defendants' meal break violations set forth above were willful and not a result of inadvertence or carelessness.

47. There was no bona fide dispute regarding the payment of wages.

48. <u>Failure to Ensure Rest Breaks</u>. Defendants have engaged in a common course of failing to provide Plaintiffs and Class Members with a paid ten-minute rest break for every four hours of work.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

49. Defendants have engaged in a common course of requiring or permitting Plaintiffs and Class Members to work more than three consecutive hours without a rest break.

50. Like the reasons Plaintiffs and Class Members were unable to take compliant meal periods, including pressure to keep up with their routes or duties assigned by Defendants, Plaintiffs and Class Members were also unable to take compliant rest periods.

51. For example, Plaintiff Devettori many times did not receive the rest breaks to which he was entitled, even though he worked shifts entitling him to at least two (2) or three (3) rest breaks per shift.

52. Similarly, Plaintiff German consistently did not receive the rest breaks to which he was entitled while working for Defendants.

53. Defendants did not do anything to ensure that Plaintiffs and Class Members received the rest breaks to which they were entitled. Defendants did not schedule rest breaks for Plaintiffs or Class Members. And Defendants did not keep accurate records of whether Plaintiffs and Class Members received the rest breaks to which they were entitled.

54. Defendants also did not provide an adequate system for Plaintiffs or Class Members to report a missed, interrupted, late, or otherwise noncompliant rest break.

55. Defendants engaged, suffered, or permitted Plaintiffs and Class Members to work through their required rest breaks.

56. Defendants authorized or required Plaintiffs and Class Members to work through their required rest breaks.

57. Defendants knew or reasonably should have known that Plaintiffs and Class Members worked through required rest breaks, were forced to take them late, or were not given them at all.

58. Defendants have engaged in a common course of failing to compensate Plaintiffs and Class Members for each missed or otherwise noncompliant rest break.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

59. Defendants' rest break violations were willful and not a result of inadvertence or carelessness.

60. There was no bona fide dispute regarding the payment of wages.

**Failure to Pay Minimum and Overtime Wages**

61. Failure to Compensate Off-the-Clock Work. Defendants have engaged in a common course of failing to pay minimum wages to Plaintiffs and Class Members for all hours worked.

62. Defendants required Plaintiffs and other Class Members to complete work tasks prior to clocking in for the start of their shifts, during unpaid meal periods, after clocking out at the end of their shifts, and otherwise outside of scheduled and/or recorded work times.

63. For example, throughout Plaintiff Devettori's employment, Defendants frequently required Plaintiff Devettori to work off the clock after he had already clocked out for the day. The time Plaintiff Devettori spent performing this post-shift work was not compensated, resulting in Defendants' failure to compensate Plaintiff Devettori for all hours worked and the underpayment of wages owed.

64. Plaintiff German was also required to complete work assignments off the clock. For example, Defendants required Plaintiff German to complete a mandatory monthly safety training at home, which involved watching videos and taking quizzes about hazmat safety and driving safety. These mandatory trainings were directly related to Plaintiff's German's driving job with Defendants and he would not have been permitted to continue working for Defendants if he did not complete the trainings. These mandatory trainings lasted anywhere from at least approximately five (5) to thirty (30) minutes and Defendants sometimes required these trainings several times per month. Plaintiff German was not compensated for the time spent completing these mandatory trainings, resulting in Defendants' failure to compensate Plaintiff German for all hours worked and the underpayment of wages owed.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

65. Additionally, Defendants required Class Members to respond to work-related communications off the clock.

66. For example, on a recurring basis, at least approximately several times per week, Defendants contacted Plaintiff German by phone or text message outside of his recorded shift hours about work-related matters, including but not limited to, scheduling, requests to send photos of deliveries, and requests for explanations regarding damaged deliveries. Plaintiff German was required to take photos of deliveries and send them to his supervisor, sometimes using his personal cell phone when the company-provided scanner was not functioning. The time Plaintiff German spent addressing these work-related communications and tasks was not compensated, resulting in Defendants' failure to compensate Plaintiff German for all hours worked and the underpayment of wages owed.

67. Based on information and belief, Defendants also required other Class Members to spend time off-the-clock participating in mandatory trainings, receiving/responding to work-related communications, and/or completing other work tasks off the clock without compensating them for this work time.

68. Based on information and belief, at times, Defendants engaged in unauthorized time editing/rounding, including but not limited to, deductions for meal periods that were worked through, interrupted and/or shorter than thirty (30) minutes in length.

69. Defendants engaged, suffered, or permitted Plaintiffs and Class Members to work off-the-clock.

70. Defendants authorized or required Plaintiffs and Class Members to work off-the-clock.

71. Defendants knew or reasonably should have known that Plaintiffs and Class Members performed work for them off-the-clock.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

72. Defendants have engaged in a common course of failing to compensate Plaintiffs and Class Members for work Defendants engaged, suffered, permitted, authorized, or required Plaintiffs and Class Members to perform off-the-clock.

73. Defendants' failure to pay Plaintiffs and Class Members for all hours worked was willful and not a result of inadvertence or carelessness.

74. There was no bona fide dispute regarding the payment of wages.

75. Failure to Pay Overtime. As a result of Defendants' common course of failing to provide proper rest and meal breaks to Plaintiffs and Class Members, Defendants have also failed to compensate Plaintiffs and Class Members at the proper rate for all hours worked in excess of forty in a workweek.

76. As a result of Defendants' common course of engaging, suffering, permitting, authorizing, or requiring Plaintiffs and Class Members to perform work off-the-clock, Defendants have also failed to compensate Plaintiffs and Class Members at the proper rate for all hours worked in excess of forty in a workweek.

77. As a result of Defendants' common course of time editing and/or rounding, Defendants have also failed to compensate Plaintiffs and Class Members at the proper rate for all hours worked in excess of forty in a workweek.

78. Defendants have actual or constructive knowledge of the foregoing facts.

79. Defendants' failure to pay Plaintiffs and Class Members for all hours, including overtime hours at the proper rate was willful and not a result of inadvertence or carelessness.

80. There was no bona fide dispute regarding the payment of wages.

**Failure to Maintain and Provide Accurate Wage Statements**

81. Defendants have engaged in a common course of failing to keep true and accurate time records for all hours worked by Plaintiffs and Class Members.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

82. As a result of Defendants' common course of failing to provide proper rest and meal breaks to Plaintiffs and Class Members, Defendants have also failed to maintain accurate records of hours worked by Plaintiffs and Class Members.

83. As a result of Defendants' common course of engaging, suffering, permitting, authorizing, or requiring Plaintiffs and Class Members to perform work off-the-clock, Defendants have also failed to maintain accurate records of hours worked by Plaintiffs and Class Members.

84. As a result of Defendants' common course of time editing and/or rounding, Defendants have also failed to maintain accurate records of hours worked by Plaintiffs and Class Members.

85. Defendants have actual or constructive knowledge of the foregoing facts.

**Failure to Reimburse Business Expenses**

86. Violations of Seattle Municipal Code. Defendants have engaged in a common course of failing to pay Plaintiffs and Seattle Subclass Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or at the directions of Defendants.

87. Defendants deprived Seattle Subclass Members of earned wages by requiring them to incur business expenses (e.g., cost of cell phone use for work-related communications, timekeeping, photography, and customer contact) without reimbursing them. Defendants' failure to reimburse Seattle Subclass Members for all business expenses they necessarily incurred in carrying out their assigned job duties resulted in violations of Seattle's Wage Theft Ordinance codified at SMC 14.20, *et seq*. and unpaid wages under the MWA.

88. For example, Defendants required Plaintiff German to use his personal cell phone to complete job duties assigned to him by Defendants. Plaintiff German was directed by Defendants to use his personal cell phone when the company-provided device malfunctioned, which occurred regularly, including for clocking in and out using Defendants' timekeeping app, and taking and transmitting photos of deliveries and damaged goods. Defendants also contacted



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff regularly on his personal cell phone by call and by text message regarding scheduling and delivery issues, which occurred at least approximately several times per week, and necessitating his response from his personal cell phone. Plaintiff was also required to use his personal cell phone to contact customers to obtain gate codes and coordinate deliveries while performing Seattle delivery routes.

89. Because Defendants required Plaintiff to use his personal cell phone to complete job duties assigned to him by Defendants, Plaintiff expended additional data use on his personal device. Defendants failed to reimburse Plaintiff German for the necessary expenditures and losses he incurred using his personal cell phone as directed by and in direct consequence of carrying out his duties assigned by Defendants.

90. Based on information and belief, Seattle Subclass Members were also not reimbursed for all necessary expenditures or losses incurred in carrying out their job duties assigned by Defendants. These unreimbursed mandatory business expenses and/or unlawful deductions resulted in the deprivation of wages owed in violation of the MWA and/or Chapter 14.20 of the Seattle Municipal Code.

91. Defendants have actual or constructive knowledge of the foregoing facts.

## FIRST CAUSE OF ACTION

**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiffs and Class Members**

92. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

93. Under *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 847–51 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

94. WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

95. WAC 296-126-092(4) requires that employees receive a 10-minute rest break on the employer's time for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

96. "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690–93 (2011), and for missed rest breaks*, Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 518 (2018).

97. Most recently, the Washington Supreme Court confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androkitis v. Virginia Mason*, 32 Wn. App. 2d 418, 429 (2024). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 832 (2012).

98. Defendants failed to provide Plaintiffs and Class Members with rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts as required by Washington law, including second meal breaks for shifts exceeding ten (10) hours.

99. Defendants failed to compensate Plaintiffs for these missed or otherwise legally noncompliant rest and meal periods.

100. Defendants maintained no policy or practice to ensure Plaintiffs and Class Members received the 10-minutes paid rest breaks to which they were entitled.

101. Defendants failed to maintain an adequate system for reporting and receiving compensation for a missed, interrupted, late, or otherwise noncompliant rest break.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

102. Defendants maintained no policy or practice to ensure Plaintiffs and Class Members received the 30-minute meal breaks to which they were entitled.

103. Defendants failed to maintain an adequate system for reporting and receiving compensation for a missed, interrupted, late, or otherwise noncompliant meal break.

104. As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and Class Members of all owed wages for all missed or otherwise noncompliant rest breaks and meal periods, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiffs and Class Members**

105. Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs.

106. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

107. Defendants failed to pay Plaintiffs and Class Members for all hours worked.

108. Defendants required Plaintiffs and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiffs and Class Members for all work time.

109. As a result of Defendants' unlawful acts, Plaintiffs and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46, are entitled to recover such amounts, including exemplary damages, interest, attorneys' fees, and costs.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiffs and Class Members**

110. Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs.

111. The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

112. The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Security, Inc.*, 162 Wn.2d 42, 47 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-126-002(8)).

113. As set forth above, during workweeks in which Plaintiffs and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated the MWA by failing to pay Plaintiffs and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832.

114. As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and Class Members of overtime wages owed, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**FOURTH CAUSE OF ACTION**
**Violations of Seattle Wage Theft Ordinance**
**SMC 14.20**
**On Behalf of Plaintiff German and Seattle Subclass Members**

115. Plaintiffs re-allege and incorporates by reference all allegations set forth in the preceding paragraphs.

116. SMC 14.20.020 applies to employees who perform work within the geographic boundaries of Seattle. Plaintiff German and the Seattle Subclass Members performed work in Seattle and are covered employees under Chapter 14.20.

117. SMC 14.20.030 mandates that "[a]n employer shall pay all wage and tip compensation owed to an employee on an established regular pay day at no longer than monthly payment intervals."

118. SMC 14.20.010 defines "Wage" as "compensation due to an employee by reason of employment."

119. SMC 14.20.010 defines "compensation" to include "reimbursement for employer expenses" and requires employers to "indemnify the employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of the employee's duties, or of the employee's obedience to the directions of the employer."

120. *Failure to Pay for All Hours Worked*: As alleged herein, Defendants required Plaintiff German and Seattle Subclass Members to perform work off-the-clock, including but not limited to, mandatory off-the-clock trainings and responding to work-related communications outside of scheduled shifts. By failing to compensate for these hours, Defendants failed to pay all wage compensation owed on the established regular pay day in violation of SMC 14.20.030.

121. *Failure to Pay for Meal and Rest Periods*: As alleged herein, Defendants failed to provide compliant meal and rest periods and failed to pay Plaintiff German and Seattle Subclass Members for the time worked during missed, late, or interrupted breaks, and/or the additional wages owed for the deprivation of such breaks. This failure constitutes a failure to pay wage compensation owed in violation of SMC 14.20.030.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

122. *Failure to Pay Overtime*: By failing to record and compensate for all hours worked, Defendants failed to calculate and pay the correct overtime premium for hours worked in excess of 40 in a workweek. This underpayment constitutes a failure to pay all wage compensation owed in violation of SMC 14.20.030.

123. *Failure to Reimburse Business Expenses*: Defendants further violated SMC 14.20 by failing to reimburse Plaintiff German and Seattle Subclass Members for necessary business expenses, including personal cell phone use and other business expenses necessarily incurred in carrying out their assigned job duties. Defendants' failure to indemnify employees for these losses results in a failure to pay all compensation owed by reason of employment.

124. As a result of Defendants' unlawful acts, Plaintiff German and Seattle Subclass Members have been deprived of compensation in amounts to be determined at trial. Pursuant to SMC 14.20.070, Plaintiffs are entitled to recover such unpaid wages and compensation, plus accrued interest, civil penalties, and attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, on behalf of Plaintiffs, Class Members and Seattle Subclass Members, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class and Seattle Subclass as defined above for the Class periods defined above;

B. An award of damages to Plaintiffs, Class Members, and Seattle Subclass Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

C. Exemplary damages in amounts equal to double the wages due to Plaintiffs and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. A declaratory judgement that Defendant willfully violated SMC 14.20.020 by failing to reimburse Plaintiff German and the Seattle Subclass Members for all necessary expenses



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

incurred by them in direct consequence of the discharge of their duties or of their obedience to the directions of the employer;

E. An award of damages to Plaintiff German and Seattle Subclass Members in the amount of their unreimbursed personal cell phone expenses incurred by them while working for Defendants in Seattle during the Class Period, plus liquidated damages, interest, and reasonable attorneys' fees and costs;

F. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1) and 49.48.030, and 49.52.070;

G. Prejudgment interest; and

H. All other relief this Court deems proper.

Dated: June 18, 2026 **CROSNER LEGAL, PC**

By: Erika Lane
Erika Lane (WSBA No. 40854)
Brandon Brouillette (WSBA No. 64353)
Zachary M. Crosner (WSBA No. 61644)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
erika@crosnerlegal.com
bbrouillette@crosnerlegal.com
zach@crosnerlegal.com

*Attorneys for Plaintiffs*



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429